UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SMITH,<br><br>            Plaintiff,<br><br>      v.<br><br>ROBERT B. CROWL, et al.,<br><br>            Defendants. | Case No.  1:23-cv-01474-JLT-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Reginald Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on October 16, 2023.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff names the following defendants:  (1) Robert B. Crowl, Chief Financial Officer and (2) Flagship Credit Acceptance.  He lists the specific federal statutes at issue in this case as: "41 U.S 6503," "18 US 1348," "12 US 226 Federal Reserve Act," and "12 US 361 Bills of exchange Act." (Doc. 1 at p. 4.)

Plaintiff alleges as follows:

> There was a Breach of contract on July 11.  I enter a consumer credit transaction with Flagship credit acceptance, my application the (security collateral) was the advancement for the prepaidment.  I still had to pay out of pocket for a down payment, which should be all in a finance charge when the bill payment was delivered to me.  I accepted it, and endorsed my bill like the Bill of exchange act prescribes for bills on 9-25-2023.  I mailed it back certified mail to the CFO and to the payment process center with instructions.  The tender of payment was not applied to transfer the principal balance to the principal account for set off for each and every billing cycle, and my securities was not returned to me either if they were not accepted.

(Doc. 1 at p. 7) (unedited text).

He further alleges:

> Security fraud, take place when I submitted a application for consumer credit financing, extending my (security number) for the advancement makes me the creditor, and when I received a bill, that is the corporation sending me my interest for borrowing my application, the promissory note which was loan back to me, violating GAAP laws when not accept my Tender of payment like the bill of exchange prescribed is, swindling, stealing, and it's extorting me out of my titles, rights, interest in equity.

(*Id.* at p. 6.)

As relief, Plaintiff asks the Court to order that his lien be released to him, and the "principal balance be transfer[red] to the principal account for full performance and zero out the account." (*Id*. at p. 8.)

**III.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted.  As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend his complaint to the extent he can do so in good faith.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims.  While short, Plaintiff's complaint does not clearly state what happened.  Although it appears that Plaintiff applied for consumer credit financing, Plaintiff does not provide any details about the nature of that transaction.  Further, Plaintiff suggests that he was the "creditor" in the financing transaction, which theory appears implausible as he seemingly applied for financing from Defendant Flagship Credit Acceptance.  Without basic information concerning what happened, the Court cannot determine if he states a cognizable claim for relief.  If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and it must include factual allegations related to his claims that identify what happened, when it happened, and who was involved.  Fed. R. Civ. P. 8.

3

**B. Breach of Contract**

In California, "[t]o be entitled to damages for breach of contract, a plaintiff must plead and prove (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." *First Am. Com. Bancorp, Inc. v. Vantari Genetics, LLC*, No. 2:19-cv-04483-VAP-FFM, 2020 WL 5027990, at *3 (C.D. Cal. Mar. 12, 2020) (quoting *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App. 4th 1532, 1545 (1998)).

Plaintiff does not adequately identify the relevant contract, nor does he allege his performance or excuse for non-performance, the terms of the contract that were allegedly breached, or any specific facts showing how any contract was breached. Plaintiff will be granted leave to amend this claim to the extent he is able to do so in good faith.

**C. Securities Fraud**

Plaintiff claims defendants are liable for securities fraud. The required elements of a private securities fraud action are: "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citation omitted). Plaintiff's complaint does not allege any facts to support these elements of a securities fraud claim. Plaintiff will be granted leave to amend this claim to the extent he is able to do so in good faith.

**D. 41 U.S.C. § 6503**

Plaintiff's complaint lists section 6503 of the United States Code, Title 41. (Doc. 1 at p. 4.) This section applies in the event of a breach or violation of a representation or stipulation included in contract under 41 U.S.C. § 6502. *See* 41 U.S.C. § 6503(a). Section 6502 involves a contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, article, or equipment, in an amount exceeding $10,000. *See* 41 U.S.C. § 6502. Plaintiff's complaint does not involve allegations concerning a public contract made by an agency of the United States. Section 6503 appears inapplicable to Plaintiff's claims.

///

### E. Title 18 of the United States Code

Plaintiff's complaint alleges a violation of section 1348 of the United States Code, Title 18. (Doc. 1 at p. 4.) "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997). The cited section is not an exception. Plaintiff cannot bring suit against the defendants for violation of section 1348 of Title 18. The section provides for fines or incarceration for criminal offenses. There is no language in this section that would imply a private right of action.

### F. 12 U.S.C. § 226

Plaintiff's complaint lists a violation of section 226 of the United States Code, Title 12. (Doc. 1 at p. 4.)  The cited section is the short title of the Federal Reserve Act.  12 U.S.C. § 226. Plaintiff does not specify any provision of the Federal Reserve Act that defendants allegedly violated.  The cited provision does not imply any private cause of action.

### G. 12 U.S.C. § 361

Plaintiff's complaint lists section 361 of the United States Code, Title 12. (Doc. 1 at p. 4.)  The cited section states:

> The discount and rediscount and the purchase and sale by any Federal reserve bank of any bills receivable and of domestic and foreign bills of exchange, and of acceptances authorized by this chapter, shall be subject to such restrictions, limitations, and regulations as may be imposed by the Board of Governors of the Federal Reserve System.

12 U.S.C. § 261.  Plaintiff's complaint does not identify any violation of this provision. Moreover, the cited provision does not support a private cause of action.

### IV.   Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*,

5

556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **November 29, 2023**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE