UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SMITH,<br><br>             Plaintiff,<br><br>    v.<br><br>ROBERT B. CROWL, et al.,<br><br>             Defendants. | Case No.  1:23-cv-01474-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 5)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Reginald Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on October 16, 2023.  (Doc. 1.)  On November 29, 2023, the Court screened Plaintiff's complaint and granted him leave to amend.  (Doc. 4.)  Plaintiff's first amended complaint, filed on January 2, 2024, is currently before the Court for screening.  (Doc. 5.)

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

3 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

4 true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

5 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

6       To survive screening, Plaintiff's claims must be facially plausible, which requires

7 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

8 for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

9 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully

10 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

11 standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

12     **II.    Summary of Plaintiff's Allegations**

13       Plaintiff drafted his amended complaint using the form provided by this Court. Both the

14 caption and the section of the form listing the parties to this action identify Robert B. Crowl as the

15 sole defendant. (*See* Doc. 5 at pp. 1, 2.) However, in a separate section of the form, Plaintiff

16 identifies Flagship Credit Acceptance as an additional defendant. (*Id.* at p. 5.)

17       Plaintiff identifies the basis of this Court's jurisdiction as both federal question and

18 diversity of citizenship. (*Id.* at p. 3.) In the section in which he is asked to indicate which of his

19 federal constitutional or federal statutory rights have been violated, he lists the Federal Reserve

20 Act and the Bills of Exchange Act. (*Id.* at p. 4.) In the section regarding diversity of citizenship,

21 Plaintiff indicates that he is a citizen of California, defendant Crowl is a citizen of Pennsylvania,

22 and defendant Flagship Credit Acceptance is incorporated under the laws of the State of Delaware

23 and has its principal place of business in Pennsylvania. (*Id.* at pp. 4-5.) In the section in which

24 he is asked to specify the amount in controversy, Plaintiff states, "Under Federal Reserve Act

25 Section 29 civil money penalty this violation is in the Third tier." (*Id.* at p. 5.)

26       Plaintiff forwards two separate claims. In the first claim, Plaintiff alleges as follows:

27     On 7/11/2023 I entered into a Consumer credit transaction. I contracted with
flagship credit acceptance with my Cesti Que trust, my consumer tax payer entity
28     REGINALD DOMINICK SMITH. The principal REGINALD DOMINICK

> SMITH my Birst Certificate shows Iam the title and owner which Smith Reginald D is the Agent for and being the owner of that contract I have Rights,Interest,equity that's guaranteed to the principal.  The federal reserve act section 16-1and 2 states any application that you put your legal person on there with your social security number for any amount will be granted America is operating under bankruptcy there no lawful money I sent my tender of payment 9/25/2023 performing my obligation I sent a power of attorney letting the chief financial officer know I'm the agent for the principal REGINALD SMITH with my endorse bill gave instructions to transfer the principal balance to the principal account,if there a problem with this negotiable instrument or any defects reply within five business days I sent certified mail with tracking no response I sent another tender of payment opportunity to cure 9/30/2023 giving instructions again if there any defect in my performance please reply no response gave five more business days no response then on 10/13/2023 I sent a Default Judgment notice for failure of non performance of obligation denying the guarantee interest due to the principal in the contract which I AM the owner of the account.

(*Id.* at p. 6) (unedited text).

In the second claim, Plaintiff alleges as follows:

> Security fraud acquired when I entered into contract as the owner of the contract I did my performance on 09/13/2023-09/30/2023-10/13/2023 Claiming my interest that's guaranteed to the principal and was held out of my own account by the chief financial officer I received a response finally from them stating they don't take that type of payment and that I altered the interest coupon to resemble a check trying to turn it into a negotiable instrument, threatening to take the collateral from me the (car) when I clearly did my performance as the Agent for the Consumer REGINALD D SMITH which I hold the title of ownership the Birth Certificate this have effect my mental and cause stress receiving repeated back to back calling from flagship credit acceptance asking for payment. when I endorsed my bill each and ever bill statement 9-252023, 10-25-2023. 11-25-2023 and sent certified mail to chief financial officer Robert b crowl, with holding my securities never returning them or responding that their a defect in my endorsement.

(*Id.* at p. 7.)

As relief, Plaintiff asks to collect his "interest and equity that's owed to the principal." (*Id.* at p. 8.)  He also indicates that under "federal reserve act Section 29, civil money penalty for breach of fiduciary duty I'm allowed 1,000,000 a day I would ask for 5,000,000 for punitive damages."  (*Id.*)

**III. Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

1   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

2   of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

3   (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

4   claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

5   at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are

6   not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

7         Plaintiff's complaint is not a plain statement of his claims.  While short, Plaintiff's

8   complaint does not clearly state what happened.  Although Plaintiff identifies a consumer credit

9   transaction, he does not provide any details about the nature of that transaction. He also does not

10  include sufficient factual allegations to state a claim for relief that is plausible on its face.

11        "The court may ... dismiss a claim as frivolous where it is based on an indisputably

12  meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson,*

13  *et al.*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke v.*

14  *Williams*, 490 U.S. 319, 327 (1989)). "The critical inquiry is whether a ... claim, however

15  inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).  Here,

16  Plaintiff appears to support his claims by asserting that he has endorsed his bill statements and

17  attempted to return them to defendants as a form of payment.  As Plaintiff notes, defendants

18  described Plaintiff's actions as altering the interest coupon to resemble a check trying to turn it

19  into a negotiable instrument.  These allegations and statements suggest that Plaintiff's amended

20  complaint lacks an arguable legal or factual basis.

21        **B.  Breach of Contract**

22        In California, "[t]o be entitled to damages for breach of contract, a plaintiff must plead

23  and prove (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3)

24  defendant's breach, and (4) damage to plaintiff." *First Am. Com. Bancorp, Inc. v. Vantari*

25  *Genetics, LLC*, No. 2:19-cv-04483-VAP-FFM, 2020 WL 5027990, at *3 (C.D. Cal. Mar. 12,

26  2020) (quoting *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App. 4th 1532, 1545

27  (1998)).  Plaintiff does not adequately identify the relevant contract, nor does he allege his

28  performance or excuse for non-performance, the terms of the contract that were allegedly

4

breached, or any specific facts showing how the alleged contract was breached.

### C. Federal Reserve Act

Plaintiff's complaint identifies the Federal Reserve Act and claims an entitlement to civil penalties under "section 29" because Defendants committed a violation in the "third tier." (Doc. 5 at p. 5.) Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, provides for a civil penalty of $5,000 per day for violations of certain provisions of the Federal Reserve Act. Plaintiff also suggests a violation of sections 16-1 and 2 of the Federal Reserve Act. Section 16 of the Federal Reserve Act, 12 U.S.C. § 411-21, relates to federal reserve notes. Sections 16 and 29 of the Federal Reserve Act do not create a private cause of action. *See Smith v. Osvaldik, et al.,* No. 1:23-cv-01488-HBK, 2023 WL 8698359, at *4 (E.D. Cal. Dec. 15, 2023) (concluding Section 29 does not imply any private cause of action); *Morton v. Wells Fargo Home Mortg.*, No. 6:23-cv-04568-BHH-JDA, 2023 WL 8768432, at *5 (D.S.C. Nov. 21, 2023) ("It is well settled that Sections 16 and 29 of the Federal Reserve Act do not create a private cause of action . . . ."); *White v. Lake Union Ga Partners LLC*, No. 1:23-cv-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (collecting cases). Plaintiff's amended complaint therefore fails state a claim under the Federal Reserve Act.

### D. Bills of Exchange Act

Plaintiff complaint also identifies the Bills of Exchange Act. However, Plaintiff does not identify any provision of the Bills of Exchange Act that Defendants allegedly violated. The Court cannot infer any cause of action based on the Bills of Exchange Act and his citation thereto appears legally frivolous. *See*, *e.g.*, *Davis v. ACEF Martin Folsom LLC*, No. 2:23-cv-2816-TLN-KJN PS, 2023 WL 8477987, at *2 (E.D. Cal. Dec. 7, 2023) (determining citation to "Bills of Exchange Act of 1882" appeared legally frivolous on its face in pro se complaint involving alleged contractual arrangement).

### E. Securities Fraud

Plaintiff appears to claim defendants are liable for securities fraud. The required elements of a private securities fraud action are: "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss

causation, and (5) economic loss." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citation omitted). Plaintiff's complaint does not allege any facts to support these elements of a securities fraud claim. Despite being provided with the relevant standard, Plaintiff has been unable to cure this deficiency.

### IV.     Conclusion and Recommendation

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to comply with Federal Rule of Civil Procedure 8 and failure state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 11, 2024**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE